IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-9-BO

| | | |
|---|---|---|
| TONEY O. BALLANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the parties' cross motions for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). Plaintiff argues that the Administrative Law Judge ("ALJ") did not properly take Plaintiff's testimony and Dr. Bhatti's opinions into account and that the ALJ erred in determining that sufficient jobs existed in the national economy for Plaintiff. Defendant argues that the ALJ's opinion was supported by substantial evidence. For the reasons stated below, Defendant's Motion for Judgment on the Pleadings is GRANTED, the ALJ's opinion is AFFIRMED, and Plaintiff's Motion for Judgment on the Pleadings is MOOT.

I. SUMMARY OF THE INSTANT DISPUTE

Plaintiff filed a claim for Disability Insurance Benefits and a period of disability on September 23, 2005, alleging an onset date of August 15, 2005. (Transcript, hereinafter "T," p. 14). Plaintiff's claim was denied both initially and upon reconsideration, and a hearing was held in front of ALJ Edward W. Seery on May 24, 2007. (T pp. 148-70). ALJ Seery rendered an unfavorable opinion on June 7, 2007. (T pp. 14-20). The Appeals Council denied Plaintiff's

request for review. (T pp. 4-7). Plaintiff filed a Complaint with this Court on January 8, 2008. On May 2, 2008, Plaintiff filed a Motion for Judgment on the Pleadings. Defendant filed a Motion for Judgment on the Pleadings on July 1, 2008. These motions are now before the Court.

II.  DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. The ALJ's findings at steps one through three are not in dispute. Therefore, the issues are whether substantial evidence supports the ALJ's determinations that: (1) Plaintiff's residual functional capacity ("RFC") shows he is capable of performing the full range of sedentary work; and (2) jobs matching Plaintiff's RFC exist in sufficient numbers in the economy for Plaintiff.

First, substantial evidence supports the ALJ's determination that Plaintiff is capable of performing the full range of sedentary work. "Subjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, *in the amount and degree*, alleged by the claimant." *Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996). "[P]ain is not disabling *per se*, and subjective evidence of pain cannot take precedence over objective medical evidence, or the lack thereof." *Id* at 592 (emphasis added) (quoting *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986)). The record clearly indicates that the ALJ considered Plaintiff's testimony and

-2-

Case 5:08-cv-00009-BO   Document 22   Filed 12/15/08   Page 2 of 4

determined that, though his medically determinable impairments could reasonably be expected to produce his alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. Plaintiff testified that he had not been to a doctor regarding his back pain since his back surgery in 2005 and did not return to a doctor when he ran out of his medication, despite being approved for Medicaid in 2006. In addition, Dr. Bhatti's examination of Plaintiff revealed that Plaintiff had a normal ability to pinch, grasp, and manipulate small and large objects and that Plaintiff had a normal and sustained gait without the need of an assistive device. Therefore, substantial evidence supports the ALJ's RFC determination that Plaintiff was capable of the full range of sedentary work.

Second, the ALJ's determination that sufficient jobs exist in the national economy for Plaintiff is supported by substantial evidence. If no non-exertional impairments prevent the claimant from performing the full range of work at a given exertional level, the Commissioner may rely solely on the Grids to satisfy his burden of proof at step five. *See Aistrop v. Barnhart*, No. 01-2216, 2002 WL 1274044, at *2 (4th Cir. June 10, 2002); *see also Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987); *Gory v. Schweiker*, 712 F.2d 929, 930 (4th Cir. 1983). The Grids are dispositive of whether a claimant is disabled when the claimant suffers from purely exertional impairments. *Aistrop*, 2002 WL 1274044, at *2. Plaintiff's RFC was the full range of sedentary work with no non-exertional impairments. Therefore, the ALJ in this case did not need a vocational expert and his reliance on the Grids was appropriate and determinative of whether Plaintiff was disabled.

III. CONCLUSION

The ALJ's opinion was supported by substantial evidence because he properly took into account Plaintiff's testimony, properly took into account Dr. Bhatti's testimony, and properly used the Grids to determine that Plaintiff was not disabled. Accordingly, Defendant's Motion for Judgment on the Pleadings is GRANTED, the ALJ's opinion is AFFIRMED, and Plaintiff's Motion for Judgment on the Pleadings is MOOT.

SO ORDERED, this __12__ day of December 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE